M. A. NEVIN *et al.*, plaintiffs in error, *vs.* PRINTUP BROTHERS & COMPANY, defendants in error.

On a complicated state of facts, involving the right of way to a stairway essential to the profitable enjoyment by complainants of the upper story of a store purchased from one of the defendants, who conveyed to the others, this court will not control the discretion of the chancellor in granting an injunction restraining defendants from taking down the stairway until the whole case can be thoroughly investigated before a jury, and determined by regular trial in term.

Injunction. Before Judge McCUTCHEN. Floyd county. At Chambers. October 13, 1877.

Reported in the opinion.

R. A. DENNY, for plaintiffs in error.

D. S. PRINTUP; HALSTEAD SMITH, for defendants.

JACKSON, Judge.

Printup Brothers & Company filed a bill in equity against M. A. Nevin, Mrs. R. B. Denny, and Jack King, praying for an injunction against them to prevent the tearing down a stairway to the upper floor of a certain building in Rome; the injunction was granted, and the defendants excepted, so that the question is, did the chancellor abuse his discretion in the grant of the injunction?

The case made by the complainants is about this:

Daniel S. Printup had sold a certain lot on Broad street, Rome, twenty-six feet front, to Nevin; Nevin owned a lot adjoining; the two lots made enough ground to erect three stores. These were erected with rooms above, and in the middle store a stairway was built as an entrance to the second story rooms. Printup made a bond for titles to Nevin

for twenty-six feet front lot, and after the building was erected this bond for titles was assigned over to Daniel S. Printup, with all the rights, members and appurtenances pertaining to the said twenty-six feet lot so built on; and on the same day Daniel S. Printup deeded back to Nevin seven feet of the twenty-six, with the rights, members and appurtenances thereof; at the same time Daniel S. Printup made a deed to Printup Brothers & Company, the complainants, of which firm he was one, of nineteen feet, the title to which was left in him, with the appurtenances thereto belonging. Nineteen feet front embraced one of the stores; seven feet deeded back to Nevin was part of the second store, which was upon Nevin's original lot, except these seven feet, and on it—the seven feet—was the stairway. At the time of the trade this stairway was the only access to the upper story, and it was affirmed on Printup's side that it was to be permanent.

The rooms above Printup's store were rented to the telegraph company, who refused to rent if the stairway at the head of which their rooms were located was torn down. A larger price was paid for Printup's store than the other two sold for, because the stairway was in and cut off part of the middle store. The middle store was sold to Mrs. Eddy, and Jack King, her son-in-law, claimed title thereto, or was her agent, and had threatened and employed workmen to tear down the stairway. On these facts the injunction was asked for. The defendants denied that the stairway was to be permanent, and set up that now there was another stairway erected at the other end, from Printup's store, of the building, communicating with a hall which led to the whole upper building, and denied that anything was said regarding a reservation of right to the stairway, or to its use, when Printup sold the seven feet to Nevin. On these issues, the chancellor, several affidavits being filed in addition to the bill and answer, granted the injunction, and we are asked to reverse that judgment.

Taking the facts to be as the chancellor decided them to

be, and had a right, from the evidence, so to decide, that the whole affair or trade constituted one transaction, whereby Printup bought one store from Nevin and sold him back seven feet of his original lot of twenty-six feet to make Nevin's middle store-room complete, and that he, Printup, took the assignment of the bond with appurtenances to the lot, as embracing the use or easement of the stairway, and gave more for it on that account, and when he conveyed back to Nevin the seven feet and appurtenances, that he only did so to complete title in Nevin to the whole middle store, with use of the stairway as an easement, still intended to be held by Printup under the assignment of the bond made at the same time, we cannot say that the chancellor abused the discretion with which the law invests him on the subject of the grant or refusal of writs of injunction. The injunction is only temporary, until a full hearing on all the facts can be had before the court and jury; the whole matter will be then thoroughly investigated, all the facts will be ascertained, and the law applicable thereto applied; and complete justice will be better done in the settlement of equities between the parties than on the hearing of *ex parte* affidavits, without the right of cross-examination of witnesses and the verdict of a jury upon their credibility.

The case, as it stands, is rather tangled, but we think that enough equity can be seen in it to uphold the decision of the chancellor to have the case tried on its merits, and we, therefore, affirm the judgment.